865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Zelma PIERCE (Reidling), Executrix of the estate of Albert
Baker, deceased; heir-at-law of Albert Baker,
deceased; and her husband, Marion
Pierce, Plaintiffs-Appellees,
v.
Oma BAKER, a widow; Ova Baker; Rosie Baker; Thelma Hibbs;
J.W. Hibbs; Eva Greer; Jean Carlisle; Norman Carlisle;
Ray Baker; Jackie Baker; Barbara Baxter; James H. Baxter,
heirs-at-law of Albert Baker, deceased, Defendants-Appellants.
v.
Homer BAKER and Lottie Ruth Baker, Third-Party Defendants-Appellants.
 No. 88-5151.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1988.
 
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case, involving the propriety of a transfer of land from an estate's executrix to four grantees, is before this court for a second time. Previously, we remanded the case to the district court for a determination of whether the grantees, Homer and Lottie Ruth Baker, and John and Iva Jones, were bona fide purchasers, without notice of restrictions on Zelma Pierce's power to convey, when they purchased land from her in 1979. Disagreeing with the district court's conclusion that he had knowledge of pending litigation and was thus not a bona fide purchaser, Homer Baker appeals to this court again. We affirm the decision of the district court.
 
 I.
 
 2
 The facts and history of this case are long and complicated. Albert Baker died testate in Madison County, Kentucky, on November 29, 1972. Zelma Pierce (now Reidling), Albert's daughter, was appointed executrix of her father's estate. The will included a grant of power to the executrix to sell any real estate included within the probate estate except for the homestead. In 1974, Zelma Pierce filed a complaint in the United States District Court for the Eastern District of Kentucky seeking partition or sale of all of the real property. Named as defendants were Oma Baker, Albert's widow, and the heirs of Albert Baker, excluding Homer Baker. Homer Baker was not named in the complaint because he had purportedly conveyed all of his interest in the real estate to two of his sisters, one of whom was Zelma Pierce. The complaint requested the court to order the sale of the real estate owned by Albert Baker at the time of his death and to distribute the proceeds.
 
 
 3
 The case was tried before a United States magistrate on July 25, 1979. Following the trial, the magistrate issued a report and recommendation to the effect that the property be sold after a determination of its divisibility. The district court adopted the findings of the magistrate which also adjudged the interests of the parties, and remanded the case to the magistrate for a plan of sale. A hearing was held on February 24, 1981, to determine the divisibility of the property and a plan of sale. At that hearing, all parties stipulated that the property could not be divided without materially affecting the value.
 
 
 4
 At that time, plaintiff Zelma Pierce, executrix, through her attorney, revealed to the court that she had sold tracts 3-8, a major portion of the real estate that was the subject of this lawsuit, to her brother, Homer Baker and his wife, and to John V. and Iva J. Jones. Zelma Pierce sold the land for $36,630 by deed dated June 15, 1979. Subsequently, it was also discovered that the Bakers and Joneses entered into a coal lease with Shamrock Coal Company. The lease provided for royalty payments at the rate of $1.00 per ton of coal removed with minimum royalty payments of $12,000 per year for a period of five years. It was estimated by a representative of Shamrock that there were over one million tons of recoverable coal on the property.
 
 
 5
 On March 12, 1981, Zelma Pierce, as executrix, filed a pleading entitled "Withdrawal of Portion of Complaint," stating that she was withdrawing that portion of her complaint which requested the court to sell the property described in the complaint as tracts 3-8. Defendant heirs, Oma Baker, Eva Greer, Fred Greer, and Fred Baker, filed an objection to plaintiff's "Withdrawal of Portion of Complaint" and moved that the deed from Zelma Pierce to the Bakers and Joneses be declared null and void.
 
 
 6
 After a hearing conducted on April 29, 1982, the magistrate recommended the following:
 
 
 7
 1) that plaintiff's "Withdrawal of Portion of Complaint" be treated as either a motion to amend the complaint under Fed.R.Civ.P. 15(a) or as a motion to dismiss under Fed.R.Civ.P. 41(a), and that in either case, the motion should be denied because it is untimely and prejudicial to defendants;
 
 
 8
 2) that the deed from Zelma Pierce to the Bakers and Joneses be held null and void;
 
 
 9
 3) that two independent appraisers be appointed to make appraisals of the property; and
 
 
 10
 4) that defendant Oma Baker be permitted to file a third-party complaint naming the Bakers and Joneses (hereinafter grantees) as third-party defendants.
 
 
 11
 Subsequently, the grantees filed a motion to alter, amend, or vacate the court's adoption of the magistrate's recommendations. The district court rejected grantees' arguments, accepting the magistrate's conclusion that the deed from Zelma Pierce to the Bakers and Joneses should be invalidated.
 
 
 12
 The grantees appealed that decision to this court, and we vacated and remanded to the district court for reconsideration. This court held that a breach of fiduciary duty by Zelma Pierce, as alleged by the defendant heirs, was not enough to invalidate the transfer to the grantees if the grantees were bona fide purchasers without knowledge of the executrix's breach. Additionally, we found that Zelma Pierce's filing of a suit seeking to sell all the land, and her delay of seven years before selling the non-homestead land, did not destroy her power of sale established by the will. Since the district court made no findings as to the nature of the grantees' purchase, we remanded for consideration of this single issue.
 
 
 13
 Accordingly, we hold that if the grantees are bona fide purchasers without notice of any impairment of the power of sale, the deed was effective to pass title to the property. If, however, the grantees were not acting in good faith, or had actual or constructive notice that the property was the subject of litigation, the transaction may be set aside.
 
 
 14
 Baker v. Pierce, No. 85-5700, slip op. at 9 (6th Cir.1987) (unpublished).
 
 II.
 
 15
 The Bakers now appeal the district court's determination that, at the time of the 1979 purchase from the executrix, Homer Baker had actual knowledge that the land he bought was the subject of litigation between Zelma Pierce and the other heirs of Albert Baker. In support of his point on appeal, Homer Baker points to several factors demonstrating his lack of knowledge: his sworn affidavit and deposition testimony, both suggesting he did not learn that the litigation involved his property until 1983; the affidavit and testimony of Jones, who testified to his own lack of knowledge, thereby inferring that Baker must not have known, or he would have told his co-owner; the apparent belief of Zelma Pierce and her counsel, in 1979, that nothing stood in the way of Baker's purchase; the failure of all parties to file a notice of lis pendens; and Baker's sworn testimony that he did not learn that all testated property was involved in the 1976 action when he attended a deposition with Zelma Pierce in 1976.
 
 
 16
 Despite this evidence, we affirm the district court's determination. A party, such as Baker, requesting a court of appeals to overturn a factual finding made by a district court has a heavy burden to shoulder. We will reject a district court's factual finding only when that finding is clearly erroneous. Fed.R.Civ.P. 52.[1]
 
 
 17
 "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court.... If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 342 (1949)....
 
 
 18
 This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts....
 
 
 19
 Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985) (citations omitted).
 
 
 20
 Given the evidence before the district court, we cannot say that its conclusion was clearly erroneous. The district court based its decision upon the fact that Homer Baker was present when Zelma Pierce gave her deposition statements in 1976, in connection with her 1976 action to sell all of the property. While Baker accurately notes that nothing in the deposition explicitly stated that the suit involved all property and not just the homestead, the deposition did refer to eight tracts, many more than relate to just the homestead (Baker and Jones bought tracts 3-8 of these eights tracts). Further, during this deposition, the executrix was asked about the effect on the land's value caused by the leasing out of mineral rights--rights that were leased for minerals under the land later purchased by Homer Baker, not under the homestead. Finally, in making sure all the tracts were correctly labeled and accounted for, the executrix agreed that tract No. 6 was one that had been conveyed by Homer Baker to Albert Baker in 1946. Upon hearing a discussion relating to this tract, Homer Baker, having himself once owned this particular tract before conveying it to his father, seemingly would have known that Zelma Pierce could not be discussing solely the homestead property. There was ample discussion at the 1976 deposition of Zelma Pierce to justify the district court's conclusion that Homer Baker actually knew that tracts 3-8 were a subject of the suit. Accordingly, the judgment of the district court is AFFIRMED.[2]
 
 
 
 [1]
 Baker erroneously believes that the district court's factual finding is somehow entitled to less deference where, as here, it is based solely on sworn testimony and not upon any credibility determinations resulting from the viewing of witness testimony. While Rule 52 does recognize a deference to be granted trial judge credibility determinations, the factfinder is not entitled to any less deference where his factual determinations are based only upon sworn testimony
 
 
 [2]
 We note, but do not address, the fact that the order of sale does not indicate if Homer Baker is to be reimbursed for his portion of the original purchase price, nor whether Homer Baker is to make any accounting of the rents and royalties received during his period of ownership